# 1. STATE COURT DOCKET SHEET

# REGISTER OF ACTIONS

## CASE NO. C-4629-16-E

| | |
|---|---|
| Shirley Rombough, Plaintiff vs. Guy Bailey, Havid n Rodr guez, The University of Texas-Pan American, The University of Texas System, The University of Texas Rio Grande Valley, Paul Foster, William Eugene Powell, R. Steven Hicks, Ernest Aliseda, Alex Cranberg, Wallace Hall, Jr., Jeffery Hildebrand, Brenda Pejovich, and Robert Stillwell, Defendants. § § § § § § | Case Type: **Injury or Damage - Other (OCA)** <br> Date Filed: **10/06/2016** <br> Location: **275th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Aliseda, Ernest** | **Esteban San Miguel Soto** <br> *Retained* <br> 512-475-4099(W) |
| **Defendant** | **Bailey, Guy** | **Esteban San Miguel Soto** <br> *Retained* <br> 512-475-4099(W) |
| **Defendant** | **Cranberg, Alex** | **Esteban San Miguel Soto** <br> *Retained* <br> 512-475-4099(W) |
| **Defendant** | **Foster, Paul** | **Esteban San Miguel Soto** <br> *Retained* <br> 512-475-4099(W) |
| **Defendant** | **Hall, Wallace, Jr.** | **Esteban San Miguel Soto** <br> *Retained* <br> 512-475-4099(W) |
| **Defendant** | **Hicks, R. Steven** | **Esteban San Miguel Soto** <br> *Retained* <br> 512-475-4099(W) |
| **Defendant** | **Hildebrand, Jeffery** | **Esteban San Miguel Soto** <br> *Retained* <br> 512-475-4099(W) |
| **Defendant** | **Pejovich, Brenda** | **Esteban San Miguel Soto** <br> *Retained* <br> 512-475-4099(W) |
| **Defendant** | **Powell, William Eugene** | **Esteban San Miguel Soto** <br> *Retained* <br> 512-475-4099(W) |
| **Defendant** | **Rodriguez, Havidan** | **Esteban San Miguel Soto** <br> *Retained* <br> 512-475-4099(W) |
| **Defendant** | **Stillwell, Robert** | **Esteban San Miguel Soto** <br> *Retained* <br> 512-475-4099(W) |
| **Defendant** | **The University of Texas Rio Grande Valley** <br> c/o President Guy Bailey | **Esteban San Miguel Soto** <br> *Retained* <br> 512-475-4099(W) |

| | | | |
|---|---|---|---|
| **Defendant** | **The University of Texas Rio Grande Valley c/o President Guy Bailey** | | **Esteban San Miguel Soto** *Retained* 512-475-4099(W) |
| **Defendant** | **The University of Texas System c/o Chancellor Bill McRaven** | | **Esteban San Miguel Soto** *Retained* 512-475-4099(W) |
| **Defendant** | **The University of Texas System c/o Chancellor Bill McRaven** | | **Esteban San Miguel Soto** *Retained* 512-475-4099(W) |
| **Defendant** | **The University of Texas- Pan American c/o Guy Bailey** | | **Esteban San Miguel Soto** *Retained* 512-475-4099(W) |
| **Defendant** | **The University of Texas- Pan American c/o Guy Bailey** | | **Esteban San Miguel Soto** *Retained* 512-475-4099(W) |
| **Plaintiff** | **Rombough, Shirley** | | **KATIE P. KLEIN** *Retained* 956-687-8700(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 10/06/2016 | **Original Petition (OCA)** |
| 10/07/2016 | **Citation** |

*ESERVED: OFFCE @DALEKLEIN.COM*

| | |
|---|---|
| Bailey, Guy | Unserved |
| Rodriguez, Havidan | Unserved |
| The University of Texas- Pan American c/o Guy Bailey | Unserved |
| The University of Texas System c/o Chancellor Bill McRaven | Unserved |
| The University of Texas Rio Grande Valley c/o President Guy Bailey | Unserved |
| Foster, Paul | Unserved |
| Powell, William Eugene | Unserved |
| Hicks, R. Steven | Unserved |
| Aliseda, Ernest | Unserved |
| Cranberg, Alex | Unserved |
| Hall, Wallace, Jr. | Unserved |
| Hildebrand, Jeffery | Unserved |
| Pejovich, Brenda | Unserved |
| Stillwell, Robert | Unserved |

| | |
|---|---|
| 10/07/2016 | **Service Issued** |

*CITATION*

| | |
|---|---|
| 11/07/2016 | **Answer** |

*Defendants' Original Answer and Affirmative Defenses*

---

### FINANCIAL INFORMATION

**Defendant** Bailey, Guy

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | 2.00 |
| Total Payments and Credits | | | | 2.00 |
| **Balance Due as of 11/10/2016** | | | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 11/08/2016 | Transaction Assessment | | | 2.00 |
| 11/08/2016 | EFile Payments from TexFile | Receipt # DC-2016-084858 | Bailey, Guy | (2.00) |

**Plaintiff** Rombough, Shirley

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | 446.00 |
| Total Payments and Credits | | | | 446.00 |
| **Balance Due as of 11/10/2016** | | | | **0.00** |

| 10/07/2016 | Transaction Assessment | | | 446.00 |
| 10/07/2016 | EFile Payments from TexFile | Receipt # DC-2016-077250 | Rombough, Shirley | (446.00) |

# 2. PLAINTIFF'S ORIGINAL PETITION

Cause No. C-4629-16-E

| | | |
|---|---|---|
| Shirley Rombough,<br>    Plaintiff | §<br>§<br>§ | In the District Court |
| vs. | §<br>§<br>§ | _____ Judicial District |
| Guy Bailey, Havidán Rodríguez,<br>The University of Texas-Pan American,<br>The University of Texas System, The<br>University of Texas Rio Grande Valley,<br>Paul Foster, William Eugene Powell,<br>R. Steven Hicks, Ernest Aliseda,<br>Alex Cranberg, Wallace Hall, Jr., Jeffery<br>Hildebrand, Brenda Pejovich, and<br>Robert Stillwell,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Hidalgo County, Texas |

## Plaintiff's Original Petition

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW **SHIRLEY ROMBOUGH**, hereinafter called Plaintiff, complaining of and about **GUY BAILEY, HAVIDÁN RODRÍGUEZ, THE UNIVERSITY OF TEXAS-PAN AMERICAN, THE UNIVERSITY OF TEXAS SYSTEM, THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY, PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH,** and **ROBERT STILLWELL**, hereinafter called Defendants, and for cause of action show unto the Court the following:

### I. Parties and Service

Plaintiff **SHIRLEY ROMBOUGH** is an individual who resides in Tarrant County, Texas.

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Defendant **GUY BAILEY** is an individual who resides in the State of Texas and may be served with service of process at his place of business located at 1201 West University Drive, Edinburg, Hidalgo County, Texas 78539-2999.

Defendants **HAVIDÁN RODRÍGUEZ** is an individual who resides in the State of Texas and may be served with service of process at his place of business located at 1201 West University Drive, Edinburg, Hidalgo County, Texas 78539-2999.

Defendant **THE UNIVERSITY OF TEXAS-PAN AMERICAN ("UTPA")** is a state university that may be served with process by serving Guy Bailey at 1201 West University Drive, Edinburg, Hidalgo County, Texas 78539-2999.

Defendant **THE UNIVERSITY OF TEXAS SYSTEM ("UT SYSTEM")** is a system of higher education composed of 14 institutions that may be served with process by serving Chancellor Bill McRaven at 601 Colorado Street, 4th Floor, Travis County, Austin, Texas 78701-2982.

Defendant **THE UNIVERSITY OF RIO GRANDE VALLEY ("UTRGV")** is a state university that may be served with process by serving President Guy Bailey at 1201 West University Drive, Edinburg, Hidalgo County, Texas 78539-2999. .

Defendants **PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH,** and **ROBERT STILLWELL** are individuals who reside in the State of Texas and are members of the Board of Regents for **UT SYSTEM**. They may be served with process at 601 Colorado Street, Austin, Texas 78701-2982.

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## II. Jurisdiction and Venue

Plaintiff **SHIRLEY ROMBOUGH** would show that this Court has jurisdiction over the parties because Defendants **UTPA** and **UTRGV** are Texas public universities and Defendant **UT SYSTEM** is a network of Texas public universities.

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff **SHIRLEY ROMBOUGH** seeks monetary relief of over $1,000,000.00. *See* Tex. R. Civ. P. 47(c). **ROMBOUGH** further demands judgment for all other relief to which she deems herself entitled. The damages sought are within the jurisdictional limits of the Court.

Venue is proper in Hidalgo County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Hidalgo County, Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1) (West 2015).

## IV. General Facts and Allegations

On or about September 1, 2005, **ROMBOUGH** began her employment with **UTPA** and **UT SYSTEM** as an Associate Professor in the Department of Social Work..

On or about September 1, 2010, **ROMBOUGH** received tenure.

**UTPA** Handbook of Operating Procedures Section 6.2.6 states that tenured faculty shall remain tenured until retirement or resignation unless terminated because of abandonment of academic programs or positions, financial exigency, or good cause in accordance with **UT SYSTEM** Regents' Rules and Regulations, Rule 31008, Section 1.

Rule 31008 of **UT SYSTEM**'s Rules and Regulations of the Board of Regents states that faculty members who have been granted tenure may only be terminated for good cause shown.

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

In or about January 2011, **HAVIDÁN RODRÍGUEZ** became the Provost and Vice President for Academic Affairs of **UTPA**.

The 2013 legislation creating the new university later to be named **UTRGV** stated: "In recognition of the abolition of The University of Texas-Pan American and The University of Texas at Brownsville as authorized by this Act, the board of regents shall facilitate the employment at the university created by this Act of as many faculty and staff of the abolished universities as is prudent and practical." *See* Act of June 14, 2013, 83rd Leg., R.S., ch. 726, § 5(c), 2013 Tex. Sess. Law Serv. 1846, 1850 (West).

On or about April 16, 2014, **RODRÍGUEZ** appointed **ROMBOUGH** to the Graduate Council for **UTPA**.

In or about May 2014, Defendant **GUY BAILEY**, Ph.D. became the Founding President of **UTRGV**.

In May 2014, **PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH**, and **ROBERT STILLWELL** were members of the Board of Regents of **UT SYSTEM**.

On May 14-15, 2014, the Board of Regents of **UT SYSTEM** met in Austin, Texas.

At the meeting on May 15, 2014, **UT SYSTEM** Board of Regents **FOSTER, POWELL, HICKS, ALISEDA, CRANBERG, HALL, HILDEBRAND, PEJOVICH**, and **STILLWELL** approved a hiring process for hiring tenured and tenure-track faculty members from **UTPA** and The University of Texas at Brownsville ("UTB") to **UTRGV** known as Phase I hiring. The hiring process is attached hereto as **Exh. "1"**, and incorporated herein for all purposes.

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Section 4.1(c) of the hiring process states in part that the President of **UTRGV** will not recommend that the **UT SYSTEM** Board of Regents transition and/or hire and grant tenure to an individual who was tenured at **UTPA** if in the past seven years, **UTPA** has issued the individual a disciplinary action that could have been grieved under **UTPA**'s faculty grievance policy or reviewed under other approved procedures of the Board of Regents, **UTPA** or **UT SYSTEM**, and the disciplinary action is now final.

Section 4.1(e) of the hiring process states in part that the President of **UTRGV** will not recommend that the **UT SYSTEM** Board of Regents transition and/or hire and grant tenure to an individual who was tenured at **UTPA** if an individual who has received an overall "unsatisfactory" or "does not meet expectations" rating on either of their last two annual reviews or their most recent post-tenure review.

In or about August 2014, **RODRÍGUEZ** became the Founding Provost and Vice President for Academic Affairs of **UTRGV**.

**ROMBOUGH** applied for Phase I hiring with Defendant **UTRGV**. Phase I hiring relates to tenured or tenure-track faculty positions at **UTRGV**. **RODRÍGUEZ** and **BAILEY** were the decision makers for Phase I hiring. If their recommendation was to hire the faculty member, the recommendation was sent to **UT SYSTEM** Board of Regents for approval. If their decision was to not recommend the faculty member, that faculty member was denied employment with **UTRGV**.

On or about October 6, 2014, **BAILEY** sent an email to **ROMBOUGH** which stated that **ROMBOUGH** was denied employment for Phase I hiring by **UTRGV**. The email stated that **ROMBOUGH** did not fulfill the hiring criterion of 4.1(c) which was "no disciplinary action for

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

the past seven years" and 4.1(e) which was "overall 'unsatisfactory' or 'does not meet expectations' rating on one of the last two annual reviews. **BAILEY** stated that **ROMBOUGH** could request reconsideration of the denial no later than 5:00 p.m. on October 20, 2014. **ROMBOUGH** contends that she had not been disciplined in the last 7 years. **ROMBOUGH** further contends that if she had been disciplined within the last 7 years, such discipline was arbitrary and capricious.

On or about October 7, 2014, **ROMBOUGH** responded to the October 6, 2014, **BAILEY** email asking why she was not offered a position during Phase I hiring and stating, "I did not receive any disciplinary actions nor did I receive any unsatisfactory evaluations."

In or about October, 2014, after receipt of the October 6, 2014, **BAILEY** email, **UTPA** provided **ROMBOUGH** with a copy of an "evaluation" for the 2011-2012 academic year. This "evaluation" was really no evaluation at all.

The Annual Faculty Evaluation Departmental Final Rating Sheet contains a scale of 1 through 4 with 1 being "unsatisfactory", 2 being "fails to meet expectations", 3 being "meets expectations", and 4 being "exceeds expectations." **ROMBOUGH** was not given a- rating on the scale for the 2011-2012 academic year. **ROMBOUGH** was given zeros.

In the "Additional Comments" section of the Annual Faculty Evaluation Departmental Final Rating Sheet for the 2011-2012 academic year, the Department Chair states the following:

> "The Annual Evaluation Committee and/or the Department Chair
> were unable to complete this evaluation given that the faculty
> member refused to provide the necessary signatures and
> documentation."

The Department Chair concedes no evaluation was completed for the 2011-2012 academic year.

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**ROMBOUGH** timely submitted all necessary documentation to complete an evaluation for the 2011-2012 academic year.

**ROMBOUGH** had never seen the Annual Faculty Evaluation Departmental Final Rating Sheet for the 2011-2012 academic year until in or after October, 2014, and was never given an opportunity to grieve the same. The "Faculty member signature" space remains blank on the "evaluation" confirming that it was never given to **ROMBOUGH** for review and signature.

In or after October, 2014, after receipt of the October 6, 2014, **BAILEY** email, **UTPA** provided **ROMBOUGH** with a copy of August 22, 2011, letter from Dean Bruce Reed. Reed states that he is "issuing the attached performance improvement plan to [**ROMBOUGH**]" and requiring that **ROMBOUGH** "schedule a meeting on your first day of Fall semester classes with [her] Chair and Dean in order to discuss the referenced plan." The letter fails to indicate it is a disciplinary action.

**ROMBOUGH** denies all allegations contained within the August 22, 2011, letter.

**ROMBOUGH** had never seen the August 22, 2011, letter from Dean Bruce Reed until in or after October, 2014, and was never given an opportunity to grieve the same. **ROMBOUGH** never received a performance improvement plan and **ROMBOUGH** never had a meeting to discuss the alleged performance improvement plan.

On or about October 20, 2014, **ROMBOUGH** appealed the denial of employment and requested her application be reconsidered. In her letter to the **UTRGV** Phase I Hiring Committee, **ROMBOUGH** informed **RODRÍGUEZ** and **BAILEY** that she had no knowledge of the "evaluation" for the 2011-2012 academic year nor any knowledge of the August 22, 2011, letter

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

from Dean Bruce Reed. **ROMBOUGH** outlined her disagreement with the "evaluation" and the August 22, 2011, letter.

**ROMBOUGH**'s tenured employment with **UTPA** and **UT SYSTEM** terminated on August 31, 2015.

**UTRGV** has assumed the full responsibility for the assets and liabilities of **UTPA** and is liable for **UTPA**'s violations of the United States Constitution and injuries and damages flowing therefrom asserted herein.

### V. Causes of Action

The following claims are alleged jointly and/or alternatively, with consistent and/or inconsistent facts and remedies. The claims are as follows:

**A.**    **Constitutional Claims**

   **1.**    **Preliminary Statement**

**ROMBOUGH** sues pursuant to 42 U.S.C § 1983 and 1988 and the United States Constitution and its Amendments. Section 1983 provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation under color of law of any rights, privileges or immunities secured by the United States Constitution and laws.

The acts and omissions described herein violated **ROMBOUGH**'s constitutional rights, including but not limited to, those guaranteed her by the Fifth and Fourteenth Amendments to the United States Constitution.

**ROMBOUGH** seeks compensatory and punitive damages against **RODRÍGUEZ, BAILEY, FOSTER, POWELL, HICKS, ALISEDA, CRANBERG, HALL, HILDEBRAND,**

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**PEJOVICH**, and **STILLWELL**, individually, and a reasonable attorney's fee as authorized by 42 U.S.C.A. § 1988.

2.      **Due Process Claim**

**RODRÍGUEZ, BAILEY, FOSTER, POWELL, HICKS, ALISEDA, CRANBERG, HALL, HILDEBRAND, PEJOVICH**, and **STILLWELL** violated **ROMBOUGH**'s constitutional protection against deprivation of property without due process under the Fifth and Fourteenth Amendments to the United States Constitution concerning her interest in continued employment at **UTPA**, and the **UT SYSTEM** and employment at **UTRGV**. Pursuant to 42 U.S.C. § 1983, **RODRÍGUEZ, BAILEY, FOSTER, POWELL, HICKS, ALISEDA, CRANBERG, HALL, HILDEBRAND, PEJOVICH**, and **STILLWELL** are liable to **ROMBOUGH** for the Constitutional deprivation.

**ROMBOUGH** has a property interest in her continued employment with **UTPA** and the **UT SYSTEM** as a tenured professor who may be terminated for good cause only. She also has a property interest in employment at **UTRGV**. This property interest arises from tenure approved by **UTPA**, and the **UT SYSTEM** Board of Regents, Rule 31007 of the Regents' Rules and Regulations, and an act enacted by the Legislature of the State of Texas, in part stating, "In recognition of the abolition of The University of Texas-Pan American and The University of Texas at Brownsville as authorized by this Act, the board of regents shall facilitate the employment at the university created by this Act of as many faculty and staff of the abolished universities as is prudent and practical." *See* Act of June 14, 2013, 83rd Leg., R.S., ch. 726, § 5(c), 2013 Tex. Sess. Law Serv. 1846, 1850 (West). As further evidence of the property right, on August 27, 2015, **BAILEY** made a public statement that **UTPA** and UT Brownsville's faculty

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

were being merged into **UTRGV**. Additionally, tenured and tenure-track faculty at **UTPA** that were transitioned to **UTRGV** were given credit for their years of tenure or tenure-track at **UTPA** and their "tenure clock" did not restart at **UTRGV**.

As discussed above and herein, **ROMBOUGH** had a property interest/right in her employment at **UTPA**, the **UT SYSTEM**, and **UTRGV**, and the termination of that interest was arbitrary and capricious. **ROMBOUGH** would show that **RODRÍGUEZ** and **BAILEY** failed to exercise professional judgment in a nonarbitrary and noncapricious manner when depriving **ROMBOUGH** of her protected property interest. **RODRÍGUEZ** and **BAILEY** abused their power to the extent that it shocks the conscience. **RODRÍGUEZ** and **BAILEY**'s decision, according to the October 6, 2014, **BAILEY** email, was based on the hiring process at Section 4.1(c) ("no disciplinary action for past seven years") and 4.1(e) ("overall 'unsatisfactory' or 'does not meet expectations' rating on one of the last two annual reviews").

**ROMBOUGH** was not disciplined within the last 7 years so as to be denied transition. Therefore, a decision based upon the August 22, 2011, letter from Dean Reed would be arbitrary, capricious, and shocking. Even if the August 22, 2011, letter was a disciplinary action which **ROMBOUGH** denies, **ROMBOUGH** had no notice of the August 22, 2011, letter and therefore, was not given an opportunity to grieve the same. The hiring criterion requires **ROMBOUGH** be given an opportunity to exhaust all internal appeals and grievances concerning the disciplinary action before it could be considered. Given that **ROMBOUGH** had no notice of the August 22, 2011, letter, she could not exhaust all internal appeals and grievances concerning the same. Any university president or provost would have come to the conclusion that **ROMBOUGH** should have transitioned to **UTRGV**.

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**ROMBOUGH** did not receive an evaluation for the 2011-2012 academic year so as to be denied transition based on an unsatisfactory or below expectations evaluation for the 2011-2012 academic year. Therefore, a decision based upon the Annual Faculty Evaluation Departmental Final Rating Sheet for the 2011-2012 academic year would be arbitrary, capricious, and shocking. Even if the Annual Faculty Evaluation Departmental Final Rating Sheet for the 2011-2012 academic year were an evaluation, it contained neither an unsatisfactory nor below expectations rating. Furthermore, **ROMBOUGH** had no notice of the Annual Faculty Evaluation Departmental Final Rating Sheet and therefore, was not given an opportunity to grieve the same. Any university president or provost would have come to the conclusion that **ROMBOUGH** should have transitioned to **UTRGV**.

The decisions by **RODRÍGUEZ** and **BAILEY** to terminate **ROMBOUGH**'s protected property interest were obviously arbitrary and capricious.

**ROMBOUGH** would show that the August 22, 2011, letter from Dean Reed was not a disciplinary action under Section 4.1(c) of the hiring process for tenured professors that would prohibit **ROMBOUGH**'s transition to **UTRGV**. **RODRÍGUEZ** and **BAILEY**'s decision to characterize the letter as a disciplinary action was arbitrary and capricious.

**ROMBOUGH** would show that the Annual Faculty Evaluation Departmental Final Rating Sheet for the 2011-2012 academic year was not an "unsatisfactory" or "below expectations" evaluation under Section 4.1(e) of the hiring process for tenured professor that would prohibit **ROMBOUGH**'s transition to **UTRGV**. **RODRÍGUEZ** and **BAILEY**'s decision to characterize the Annual Faculty Evaluation Departmental Final Rating Sheet for the 2011-

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

2012 academic year as an "unsatisfactory" or "below expectations" evaluation was arbitrary and capricious.

As discussed above and herein, **ROMBOUGH** had a property interest/right in her continued employment at **UTPA**, **UT SYSTEM**, and **UTRGV**. She was denied by **BAILEY** the right to notice and a hearing prior to the deprivation of her property right. **RODRÍGUEZ** had the opportunity to provide some type of adequate pre-deprivation remedy and failed to do so.

**UT SYSTEM** Board of Regents **FOSTER**, **POWELL**, **HICKS**, **ALISEDA**, **CRANBERG**, **HALL**, **HILDEBRAND**, **PEJOVICH**, and **STILLWELL** approved the hiring process and specifically, sections 4.1(c) which was used by **BAILEY** and **RODRÍGUEZ** to deny employment to **ROMBOUGH** at **UTRGV** and extinguish her property interest. In their adoption and use of the policy, they failed to exercise professional judgment in a nonarbitrary and noncapricious manner. Section 4.1(c) is overbroad. The phrase in Section 4.1(c), "disciplinary action" is vague and undefined. The 7-year time period is overly broad in time and arbitrary. Minor discipline is treated equally with a major infraction and is arbitrary.

3. <u>**Equal Protection Claim**</u>

**ROMBOUGH** brings a claim under the Equal Protection Clause of the United States Constitution against **UTPA**, **UTRGV**, **UT SYSTEM**, **FOSTER**, **POWELL**, **HICKS**, **ALISEDA**, **CRANBERG**, **HALL**, **HILDEBRAND**, **PEJOVICH**, and **STILLWELL**.

The Fourteenth Amendment to the United States Constitution guarantees the following: "No State shall . .. deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, s 1.

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**UT SYSTEM** and **UT SYSTEM** Board of Regents **FOSTER, POWELL, HICKS, ALISEDA, CRANBERG, HALL, HILDEBRAND, PEJOVICH,** and **STILLWELL** created a hiring policy to facilitate the transition and/or hiring of tenure and tenure-track faculty members from **UTPA** to **UTRGV**. *See* **Exh. No. "1"**.

Section 4.1(c) of the hiring process states in part that the President of **UTRGV** will not recommend that the **UT SYSTEM** Board of Regents transition and/or hire and grant tenure to an individual who was tenured at **UTPA** if in the past 7 years, **UTPA** has issued the individual a disciplinary action that could have been grieved under **UTPA**'s faculty grievance policy or reviewed under other approved procedures of the Board of Regents, **UTPA** or **UT SYSTEM**, and the disciplinary action is now final. *Id.*

As stated in the hiring policy, the **UT SYSTEM** Board of Regents' legal obligation is to govern, operate, support, and maintain **UTRGV** as a university of the first class and to facilitate the employment of as many faculty of **UTPA** as is prudent and practical.

Section 4.1(c) of the hiring process creates two classifications. One that excludes from transitioning and/or hiring **UTPA** tenured faculty who were disciplined within the last 7 years no matter how minor the discipline or infraction was. The other is one that allows transitioning and/or hiring of **UTPA** tenured faculty that have not been disciplined within the last 7 years.

The classifications are not reasonable in light of the purpose for creating the classifications. For example, a preeminent, distinguished, or renowned professor which a university of the first class would necessarily want to employ would be excluded from transitioning and/or hiring solely on the basis of a minor disciplinary action. However,

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**ROMBOUGH,** whose alleged disciplinary action was a letter which she never received and was not given an opportunity to grieve, was excluded from transition and/or hiring.

The challenged classification is overbroad. "[D]isciplinary action" is vague and undefined. The 7-year time period is overly broad in time and arbitrary. Minor discipline is treated the same as a major infraction and is arbitrary.

Section 4.1(c) violates the Equal Protection Clause of the United States Constitution.

**ROMBOUGH** requests injunctive relief prohibiting **UTPA, UTRGV, UT SYSTEM, FOSTER, POWELL, HICKS, ALISEDA, CRANBERG, HALL, HILDEBRAND, PEJOVICH,** and **STILLWELL** from enforcing against **ROMBOUGH** the unconstitutional policy.

4.    **Unconstitutionally Vague Statute**

Texas Senate Bill 24 was signed into law June 14, 2013, wherein the Texas legislature authorized the abolition of **UTPA**. *See* Act of June 14, 2013, 83rd Leg., R.S., ch. 726, § 5(c), 2013 Tex. Sess. Law Serv. 1846, 1850 (West). The Texas legislature provided that "in recognition of the abolition of The University of Texas-Pan American and the University of Texas at Brownsville as authorized by this Act, *the board of regents shall facilitate* the employment at the university created by this Act of as many faculty and staff of the abolished universities as is *prudent and practical*." *Id.* (emphasis added). The university created by the Act was named **UTRGV** by **UT SYSTEM** Board of Regents.

The phrases "as many" and "prudent and practical" are unconstitutionally vague on their face and as-applied to **ROMBOUGH**. Persons of common intelligence must necessarily guess at the meaning of "as many" and "prudent and practical" and differ as to their application.

Page 14 of 19

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

The Texas legislature specially charged **UT SYSTEM** Board of Regents with the execution of its unconstitutionally vague Act of June 14, 2013, i.e. facilitating the employment of the faculty and staff of the abolished universities at the new university. The Texas legislature delegated termination of property interests in continued employment at the abolished universities and hiring authority to the **UT SYSTEM** Board of Regents for resolution on an ad hoc and subjective basis by failing to provide explicit standards to the **UT SYSTEM** Board of Regents in facilitating employment of the faculty and staff of the abolished universities at **UTRGV**.

**UT SYSTEM** Board of Regents promulgated arbitrary and capricious hiring criterion to facilitate the hiring of faculty and staff from the abolished universities at the new university. *See* **Exh. "1"**. In doing so, **UT SYSTEM** Board of Regents partially delegated its authority to **RODRÍGUEZ** and **BAILEY** to facilitate the hiring of faculty and staff from **UTPA**. **RODRÍGUEZ** and **BAILEY** were responsible for denying or recommending transition of the faculty and staff of **UTPA**, including **ROMBOUGH**, to **UT SYSTEM** Board of Regents.

**ROMBOUGH** has suffered arbitrary and discriminatory applications of the Act by **UT SYSTEM** Board of Regents, **RODRÍGUEZ**, and **BAILEY**, including, but not limited to, termination of **ROMBOUGH**'s property interest in continued employment and denial of transition to **UTRGV**.

The termination of **ROMBOUGH**'s property interest in continued employment and denial of transition due to an alleged disciplinary letter on August 22, 2011, was arbitrary in light of **ROMBOUGH**'s lack of notice of the August 22, 2011, letter.

**ROMBOUGH** sues **UT SYSTEM** Board of Regents, **FOSTER, POWELL, HICKS, ALISEDA, CRANBERG, HALL, HILDEBRAND, PEJOVICH**, and **STILLWELL**, and

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**RODRÍGUEZ** and **BAILEY** pursuant to 42 U.S.C. § 1983 for enforcing an unconstitutional enactment which deprived **ROMBOUGH** of a property interest, transition to **UTRGV** and/or continued employment in violation of her constitutional right to due process under the Fourteenth Amendment of the United States Constitution.

**ROMBOUGH** requests injunctive relief prohibiting **UT SYSTEM** Board of Regents, **FOSTER, POWELL, HICKS, ALISEDA, CRANBERG, HALL, HILDEBRAND, PEJOVICH**, and **STILLWELL**, from enforcing against **ROMBOUGH** the unconstitutional statute. Further, **ROMBOUGH** seeks a declaration that the Act of June 14, 2013, is unconstitutionally vague and/or void.

5.   **Damages**

**ROMBOUGH** sues **RODRÍGUEZ, BAILEY, FOSTER, POWELL, HICKS, ALISEDA, CRANBERG, HALL, HILDEBRAND, PEJOVICH**, and **STILLWELL** for all damages that she is entitled.

**ROMBOUGH** sues for compensatory damages suffered in the past, including economic losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic damages, and compensatory damages that, in reasonable probability will be sustained in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses. **ROMBOUGH** sues for the injury to her reputation proximately caused by **RODRÍGUEZ, BAILEY, FOSTER, POWELL, HICKS, ALISEDA, CRANBERG, HALL, HILDEBRAND, PEJOVICH**, and **STILLWELL**'s conduct.

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

ROMBOUGH sues **RODRÍGUEZ, BAILEY, FOSTER, POWELL, HICKS, ALISEDA, CRANBERG, HALL, HILDEBRAND, PEJOVICH,** and **STILLWELL** for her reasonable attorney's fees in the past and future. *See* 42 U.S.C. § 1988.

**B.      Declaratory Judgments**

Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, **ROMBOUGH** seeks a declaration against **UTPA, UTRGV,** and **UT SYSTEM** that he is being denied a constitutionally protected property interest, continued employment in a tenured position in the corresponding academic unit at **UTRGV,** and transition to **UTRGV** in a tenured position in the corresponding academic unit by the Universities and System without due course of law in violation of Article 1, Section 19 of the Texas Constitution.

Pursuant to the Federal Declaratory Judgments Act (28 U.S.C. § 2201), **ROMBOUGH** seeks a declaration against **UTPA** and **UTRGV** that she is being denied a constitutionally protected property interest, continued employment in a tenured position in the corresponding academic unit at **UTRGV,** and transition to **UTRGV** in a tenured position in the corresponding academic unit by the Universities without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

**C.      Equitable Relief**

**ROMBOUGH** sues **UT SYSTEM** and **UTRGV** and requests that he be appointed to a tenured position at **UT SYSTEM** and **UTRGV** in the academic unit that corresponded to his academic unit at **UTPA.**

**UT SYSTEM** and **UTRGV** interfered with **ROMBOUGH**'s property interest in tenured employment at **UT SYSTEM** and **UTRGV** without due process in violation of the Fifth and/or

Page 17 of 19

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Fourteenth Amendments to the United States Constitution and Article 1, Section 19 of the Texas

Constitution. **ROMBOUGH** was denied a hearing and an opportunity to be heard once his

property interest was terminated.

**ROMBOUGH** sues **RODRÍGUEZ** and **BAILEY** for equitable/prospective relief.

**ROMBOUGH** requests that she be appointed to a tenured position at **UT SYSTEM** and

**UTRGV** in the academic unit that corresponded to her academic unit at **UTPA**. **ROMBOUGH**

asserts that not being transitioned to **UTRGV** as a tenured professor is a continuing violation of

federal law within the *Ex parte Young* doctrine.

## VI. Jury Demand

Plaintiff **SHIRLEY ROMBOUGH** demands a trial by jury and hereby tenders the

appropriate fee.

## VII. Prayer

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff **SHIRLEY ROMBOUGH**

respectfully prays that upon trial of this suit, she recover the following:

1. Compensatory damages, reasonable attorney's fees, punitive damages, and costs of suit against Defendants **RODRÍGUEZ, BAILEY, FOSTER, POWELL, HICKS, ALISEDA, CRANBERG, HALL, HILDEBRAND, PEJOVICH,** and **STILLWELL;**

2. Costs and reasonable and necessary attorney's fees **ROMBOUGH** incurred on her Texas Declaratory Judgment Act claim against **UTPA, UTRGV,** and **UT SYSTEM** including appellate fees as allowed by Chapter 37.009 of the Texas Civil Practice and Remedies Code;

3. All damages allowed under Plaintiff's statutory cause of action;

4. Prejudgment interest as provided by law;

5. Post-judgment interest as provided by law;

Page 18 of 19

Electronically Filed
10/6/2016 8:37:38 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

6.   Costs of Court;

7.   Declaration(s) as requested herein;

8.   Injunctive relief as identified herein above; and

9.   Such other and further relief at law or in equity, which he may show herself justly entitled.

Respectfully submitted,

/s/ William D. Mount, Jr.
KATIE PEARSON KLEIN
State Bar No. 11561900
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
DALE & KLEIN, L.L.P.
1100 E. Jasmine Ave. Ste 202
McAllen, Texas 78501
(956) 687-8700
(956) 687-2416 (fax)
office@daleklein.com
***Attorneys for Plaintiff Shirley Rombough***

Date:   October 6, 2016

# 3. SERVICE ISSUED – ALL DEFENDANTS

**C-4629-16-E**
**275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Guy Bailey**
**1201 West University Drive**
**Edinburg TX 78539-2999**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4629-16-E, **SHIRLEY ROMBOUGH VS. GUY BAILEY, HAVIDAN RODRIGUEZ, THE UNIVERSITY OF TEXAS- PAN AMERICAN C/O GUY BAILEY, THE UNIVERSITY OF TEXAS SYSTEM C/O CHANCELLOR BILL MCRAVEN, THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY C/O PRESIDENT GUY BAILEY, PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH, ROBERT STILLWELL**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202 MCALLEN TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

*Patricia Ann Molina*

**PATRICIA MOLINA, DEPUTY CLERK**

**C-4629-16-E**
# OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
          miles ...................$_____

_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

CITATION

STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Havidan Rodriguez**
**1201 West University Drive**
**Edinburg TX 78539-2999**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4629-16-E, **SHIRLEY ROMBOUGH VS. GUY BAILEY, HAVIDAN RODRIGUEZ, THE UNIVERSITY OF TEXAS- PAN AMERICAN C/O GUY BAILEY, THE UNIVERSITY OF TEXAS SYSTEM C/O CHANCELLOR BILL MCRAVEN, THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY C/O PRESIDENT GUY BAILEY, PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH, ROBERT STILLWELL**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202 MCALLEN TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

*Patricia Ann Molina*

**PATRICIA MOLINA, DEPUTY CLERK**

## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
         miles ...................$_____

_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number**

**C-4629-16-E**
**275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**The University of Texas- Pan American c/o Guy Bailey**
**1201 West University Drive**
**Edinburg TX 78539-2999**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4629-16-E, **SHIRLEY ROMBOUGH VS. GUY BAILEY, HAVIDAN RODRIGUEZ, THE UNIVERSITY OF TEXAS- PAN AMERICAN C/O GUY BAILEY, THE UNIVERSITY OF TEXAS SYSTEM C/O CHANCELLOR BILL MCRAVEN, THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY C/O PRESIDENT GUY BAILEY, PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH, ROBERT STILLWELL**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202 MCALLEN TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.


**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

*Patricia Ann Molina*

**PATRICIA MOLINA, DEPUTY CLERK**

# OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

CITATION

STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**The University of Texas System c/o Chancellor Bill McRaven**
**601 Colorado Street 4th Floor**
**Austin TX 78701-2982**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4629-16-E, **SHIRLEY ROMBOUGH VS. GUY BAILEY, HAVIDAN RODRIGUEZ, THE UNIVERSITY OF TEXAS- PAN AMERICAN C/O GUY BAILEY, THE UNIVERSITY OF TEXAS SYSTEM C/O CHANCELLOR BILL MCRAVEN, THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY C/O PRESIDENT GUY BAILEY, PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH, ROBERT STILLWELL**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202 MCALLEN TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**PATRICIA MOLINA, DEPUTY CLERK**

C-4629-16-E

# OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ....................$_____

_____
**DEPUTY**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____, and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**The University of Texas Rio Grande Valley c/o President Guy Bailey**
**1201 West University Drive**
**Edinburg TX 78539-2999**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4629-16-E, **SHIRLEY ROMBOUGH VS. GUY BAILEY, HAVIDAN RODRIGUEZ, THE UNIVERSITY OF TEXAS- PAN AMERICAN C/O GUY BAILEY, THE UNIVERSITY OF TEXAS SYSTEM C/O CHANCELLOR BILL MCRAVEN, THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY C/O PRESIDENT GUY BAILEY, PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH, ROBERT STILLWELL**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202 MCALLEN TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

*Patricia Ann Molina*

**PATRICIA MOLINA, DEPUTY CLERK**

C-4629-16-E
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ....................$_____

_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

**C-4629-16-E**
**275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Paul Foster**
**601 Colorado Street**
**Austin TX 78701-2982**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4629-16-E, **SHIRLEY ROMBOUGH VS. GUY BAILEY, HAVIDAN RODRIGUEZ, THE UNIVERSITY OF TEXAS- PAN AMERICAN C/O GUY BAILEY, THE UNIVERSITY OF TEXAS SYSTEM C/O CHANCELLOR BILL MCRAVEN, THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY C/O PRESIDENT GUY BAILEY, PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH, ROBERT STILLWELL**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202 MCALLEN TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

*Patricia Ann Molina*

**PATRICIA MOLINA, DEPUTY CLERK**

C-4629-16-E

## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
          miles ...................$_____

_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

**C-4629-16-E**
**275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**William Eugene Powell**
**601 Colorado Street**
**Austin TX 78701-2982**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4629-16-E, **SHIRLEY ROMBOUGH VS. GUY BAILEY, HAVIDAN RODRIGUEZ, THE UNIVERSITY OF TEXAS- PAN AMERICAN C/O GUY BAILEY, THE UNIVERSITY OF TEXAS SYSTEM C/O CHANCELLOR BILL MCRAVEN, THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY C/O PRESIDENT GUY BAILEY, PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH, ROBERT STILLWELL**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202 MCALLEN TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**



**PATRICIA MOLINA, DEPUTY CLERK**

**C-4629-16-E**
# OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**R. Steven Hicks**
**601 Colorado Street**
**Austin TX 78701-2982**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4629-16-E, **SHIRLEY ROMBOUGH VS. GUY BAILEY, HAVIDAN RODRIGUEZ, THE UNIVERSITY OF TEXAS- PAN AMERICAN C/O GUY BAILEY, THE UNIVERSITY OF TEXAS SYSTEM C/O CHANCELLOR BILL MCRAVEN, THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY C/O PRESIDENT GUY BAILEY, PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH, ROBERT STILLWELL**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202 MCALLEN TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

*Patricia Ann Molina*
_____
**PATRICIA MOLINA, DEPUTY CLERK**

**OFFICER'S RETURN**

Came to hand on _____ of _____, 201_____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number**

## CITATION

## STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Ernest Aliseda**
**601 Colorado Street**
**Austin TX  78701-2982**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4629-16-E, **SHIRLEY ROMBOUGH  VS.  GUY BAILEY, HAVIDAN RODRIGUEZ, THE UNIVERSITY OF TEXAS- PAN AMERICAN C/O GUY BAILEY, THE UNIVERSITY OF TEXAS SYSTEM C/O CHANCELLOR BILL MCRAVEN, THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY C/O PRESIDENT GUY BAILEY, PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH, ROBERT STILLWELL**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202 MCALLEN TX  78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_Patricia Ann Molina_
_____
**PATRICIA MOLINA, DEPUTY CLERK**

**C-4629-16-E**

# OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
           miles ...................$_____

_____
**DEPUTY**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

**C-4629-16-E**
**275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Alex Cranberg**
**601 Colorado Street**
**Austin TX 78701-2982**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4629-16-E, **SHIRLEY ROMBOUGH VS. GUY BAILEY, HAVIDAN RODRIGUEZ, THE UNIVERSITY OF TEXAS- PAN AMERICAN C/O GUY BAILEY, THE UNIVERSITY OF TEXAS SYSTEM C/O CHANCELLOR BILL MCRAVEN, THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY C/O PRESIDENT GUY BAILEY, PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH, ROBERT STILLWELL**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202 MCALLEN TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

*Patricia Ann Molina*
**PATRICIA MOLINA, DEPUTY CLERK**

# OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ....................$_____

_____
**DEPUTY**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

CITATION

STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Wallace Hall, Jr.**
**601 Colorado Street**
**Austin TX 78701-2982**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4629-16-E, **SHIRLEY ROMBOUGH VS. GUY BAILEY, HAVIDAN RODRIGUEZ, THE UNIVERSITY OF TEXAS- PAN AMERICAN C/O GUY BAILEY, THE UNIVERSITY OF TEXAS SYSTEM C/O CHANCELLOR BILL MCRAVEN, THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY C/O PRESIDENT GUY BAILEY, PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH, ROBERT STILLWELL**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202 MCALLEN TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**PATRICIA MOLINA, DEPUTY CLERK**

# OFFICER'S RETURN

Came to hand on _____ of _____, 201_____ at _____ o'clock _____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
       miles ....................$_____

_____
**DEPUTY**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

**C-4629-16-E**
**275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Jeffery Hildebrand**
**601 Colorado Street**
**Austin TX  78701-2982**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4629-16-E, **SHIRLEY ROMBOUGH  VS.  GUY BAILEY, HAVIDAN RODRIGUEZ, THE UNIVERSITY OF TEXAS- PAN AMERICAN C/O GUY BAILEY, THE UNIVERSITY OF TEXAS SYSTEM C/O CHANCELLOR BILL MCRAVEN, THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY C/O PRESIDENT GUY BAILEY, PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH, ROBERT STILLWELL**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202 MCALLEN TX  78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_Patricia Ann Molina_
_____
**PATRICIA MOLINA, DEPUTY CLERK**

## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
       miles ....................$_____

_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

**C-4629-16-E**
**275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Brenda Pejovich**
**601 Colorado Street**
**Austin TX 78701-2982**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4629-16-E, **SHIRLEY ROMBOUGH VS. GUY BAILEY, HAVIDAN RODRIGUEZ, THE UNIVERSITY OF TEXAS- PAN AMERICAN C/O GUY BAILEY, THE UNIVERSITY OF TEXAS SYSTEM C/O CHANCELLOR BILL MCRAVEN, THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY C/O PRESIDENT GUY BAILEY, PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH, ROBERT STILLWELL.**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202 MCALLEN TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

*Patricia Ann Molina*
_____
**PATRICIA MOLINA, DEPUTY CLERK**

# OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Robert Stillwell**
**601 Colorado Street**
**Austin TX 78701-2982**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4629-16-E, **SHIRLEY ROMBOUGH VS. GUY BAILEY, HAVIDAN RODRIGUEZ, THE UNIVERSITY OF TEXAS- PAN AMERICAN C/O GUY BAILEY, THE UNIVERSITY OF TEXAS SYSTEM C/O CHANCELLOR BILL MCRAVEN, THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY C/O PRESIDENT GUY BAILEY, PAUL FOSTER, WILLIAM EUGENE POWELL, R. STEVEN HICKS, ERNEST ALISEDA, ALEX CRANBERG, WALLACE HALL, JR., JEFFERY HILDEBRAND, BRENDA PEJOVICH, ROBERT STILLWELL**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202 MCALLEN TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

*Patricia Ann Molina*
_____
**PATRICIA MOLINA, DEPUTY CLERK**

## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ....................$_____

_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

# 4. DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

CAUSE NO. C-4629-16-E

| | | |
|---|---|---|
| SHIRLEY ROMBOUGH, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| GUY BAILEY, HAVIDAN RODRIGUEZ, | § | |
| THE UNIVERSITY OF TEXAS-PAN | § | HIDALGO COUNTY , TEXAS |
| AMERICAN, THE UNIVERSITY OF | § | |
| TEXAS SYSTEM, THE UNIVERSITY OF | § | |
| TEXAS RIO GRANDE VALLEY, PAUL | § | |
| FOSTER, WILLIAM EUGENE POWELL, | § | |
| R. STEVEN HICKS, ERNEST ALISEDA, | § | |
| ALEX CRANBERG, WALLACE HALL, | § | |
| JR., JEFFREY HILDEBRAND, BRENDA | § | |
| PEJOVICH AND ROBERT STILLWELL, | § | 275TH JUDICIAL DISTRICT |
| *Defendants.* | § | |

---

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES
---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW The University of Texas System ("UT System"), The University of Texas Rio Grande Valley ("UTRGV"), for and on behalf of The University of Texas – Pan American[1] ("University Defendants"), and Guy Bailey, Dr. Havidan Rodriguez, Paul Foster, William Eugene Powell, R. Steven Hicks, Ernest Aliseda, Alex Cranberg, Wallace Hall, Jr., Jeffrey Hildebrand, Brenda Pejovich, and Robert Stillwell in their individual and official capacities ("Individual Defendants") (collectively, "Defendants") and file this Original Answer and Affirmative Defenses, and would respectfully show the Court as follows:

---

[1] The University of Texas – Pan American was abolished September 1, 2015, and no longer exists, with its assets and liabilities assumed by UTRGV.

# I. GENERAL DENIAL

Pursuant to Rule 92, Texas Rules of Civil Procedure, Defendants deny each and every allegation of Plaintiff's Original Petition and demand strict proof thereof as required by law.

## II. AFFIRMATIVE DEFENSES

1. Defendants assert the defenses of sovereign immunity from suit and liability for all claims to which these defenses apply.

2. The Individual Defendants assert the defenses of official or qualified immunity to claims made against them in their individual capacities.

3. Defendants assert the defense of limitations to the extent that any of Plaintiff's claims are based upon acts or events which occurred outside of the applicable statute of limitations.

4. Defendants assert that Plaintiff's Original Petition fails to state a claim upon which relief can be granted.

5. Defendants assert that all actions regarding Plaintiff were appropriate and were taken for legitimate, non-arbitrary, and non-capricious reasons.

6. Defendants assert Plaintiff has failed to mitigate her damages, if any.

7. Any compensatory or punitive damages which may be awarded in this matter are subject to the applicable statutory damages cap provided by state and federal law.

8. Defendants assert that Plaintiff received all the due process to which he was entitled.

9. Plaintiff lacks standing and has failed to demonstrate injury-in-fact, causation, or redressability necessary to establish standing.

10. Defendants assert Plaintiff's own acts or omissions caused or contributed to her injuries, if any.

11.     Defendants assert that any challenged action, practice, or policy taken against Plaintiff was reasonably necessary to business or governmental operations.

12.     Defendants reserve the right to raise additional defenses that become apparent throughout the factual development of the case.

## IV. PRAYER

Defendants pray that Plaintiff take nothing by her suit, all costs be taxed and adjudged against Plaintiff, and Defendants be granted such other and further relief to which they justly may be entitled.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Director of Defense Litigation

**ANGELA V. COLMENERO**
Chief, General Litigation Division

*/s/ Esteban S.M. Soto*
**ESTEBAN S.M. SOTO**
Assistant Attorney General
State Bar No.24052284
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2120
Facsimile: (512) 320-0667
esteban.soto@oag.texas.gov
*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Original Answer and Affirmative Defenses served through electronic filing, on this the 7th day of November, 2016, to:

William D. Mount, Jr,
DALE & KLEIN, L.L.P.
1100 E. Jasmine Ave., Ste. 202
McAllen, Texas 78501
office@daleklein.com
*ATTORNEY FOR PLAINTIFF*

*/s/ Esteban S.M. Soto*
**ESTEBAN S.M. SOTO**